DWIGHT C. HOLTON
United States Attorney
District of Oregon
1000 SW Third Ave Suite 600
Portland, Oregon 97204

ADAM D. STRAIT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
Telephone: (202) 307-2135
Facsimile: (202) 307-0054
adam.d.strait@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRY F. ZDUN; CAROL J. ZDUN; GARY TEDDER, Trustee of the IRENE LACEY TRUST; SAMUEL WARNER, Trustee of the IRENE LACEY TRUST; WELLS FARGO BANK, N.A.; LOANCITY, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOUGLAS COUNTY, OREGON,<br><br>　　　　Defendants. | Civil No.<br><br>UNITED STATES' COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE TAX LIENS |

The plaintiff, the United States of America ("United States"), by and through its undersigned counsel, alleges as follows:

1. By this timely suit, the United States seeks to reduce to judgment certain outstanding federal tax liabilities assessed against defendants Terry F. Zdun and Carol J. Zdun (collectively, "the Zduns") and to foreclose certain federal tax liens on a parcel of real property located in Douglas County, Oregon ("the Property"). The Property is legally described in paragraph 22, below.

## Authorization for Suit

2. Pursuant to 26 U.S.C. §§ 7401 and 7403, this action is filed with the authorization of, and at the request of, the Secretary of the Treasury of the United States, acting through his delegate, the Associate Area Counsel of the Internal Revenue Service. The United States' Complaint is filed at the direction of the Attorney General of the United States.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7403.

4. Venue is proper in the District of Oregon pursuant to 28 U.S.C. §§ 1391(b) and 1396. The Zduns' federal tax liabilities accrued in this District; the Zduns reside in this District; and the real property at issue in this case is located within this District.

## Identification of Defendants

5. Defendant Terry Zdun is an individual who resides in this judicial district, who has unpaid federal tax liabilities, and who may claim an interest in the Property.

6. Defendant Carol Zdun is an individual who resides in this judicial district, who has unpaid federal tax liabilities, and who may claim an interest in the Property.

7. Defendants Terry and Carol Zdun are married and have been married continuously since or before December 31, 1997.

8. Defendant Gary Tedder, Trustee, is a named trustee for the purported "Irene Lacey Trust." The "Irene Lacey Trust" is a purported entity that purports to hold title to the Property legally described in paragraph 22, below. He is named as a defendant in his capacity as trustee.

9. Defendant Samuel Warner is a named trustee for the "Irene Lacey Trust." He is named as a defendant in his capacity as trustee.

10. Wells Fargo Bank, N.A. ("Wells Fargo") is a national association. It is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Property.

11. LoanCity, Inc. ("LoanCity") is a California corporation. It is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Property.

12. On information and belief, Wells Fargo is the successor-in-interest to LoanCity with respect to the Property.

13. Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation. It is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Property.

14. Douglas County, Oregon ("Douglas County") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Property.

## The Zduns' Bankruptcy

15. On or about October 8, 2005, the Zduns jointly filed a Chapter 7 petition for relief in the United States Bankruptcy Court for the District of Oregon. The case was assigned docket number 05-70006-aer7 ("the Zduns' Bankruptcy").

16. On the schedules to their Chapter 7 petition, which schedules were filed in the Zduns' Bankruptcy on or about October 18, 2005, the Zduns stated under penalty of perjury that they owned no interests in real property.

17. The only claim filed in the Zduns' Bankruptcy was filed by the United States Internal Revenue Service ("IRS"). The claim filed by the IRS was allowed.

18. On or about January 9, 2006, an order of discharge was entered in the Zduns' Bankruptcy.

## The Zduns' Federal Tax Liabilities

19. As set forth more fully in the table below, a duly authorized delegate of the Secretary of the Treasury timely assessed deficiencies against defendants Terry and Carol Zdun for unpaid individual federal income taxes, penalties, and interest for the 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007 federal income tax years. Furthermore, as a result of the unpaid balances of the assessments, penalties and interest have accrued and continue to accrue on the assessed balances, as set forth more fully in the table below:

| Tax Year | Assessment Date | Amount Assessed & Reason Therefor | | Unpaid Assessed Balance as of August 13, 2010 | Unpaid Accrued Balance as of August 13, 2010 |
|---|---|---|---|---|---|
| 1997 | 11/30/1998 | $7,828.00 | – tax assessed per return | $41,913.86 | $76,813.20 |
| | | $421.70 | – estimated tax penalty | | |
| | | $283.63 | – failure to pay penalty | | |
| | | $373.00 | – interest for late payment | | |
| | 3/25/2002 | $36,188.00 | – additional tax assessed by examination | | |
| | | $12,037.09 | – interest for late payment | | |
| | 2/10/2003 | $20.00 | – fees and collection costs | | |
| | 9/12/2005 | $18.00 | – fees and collection costs | | |
| | 2/4/2008 | $48.00 | – fees and collection costs | | |
| 1998 | 11/22/1999 | $5,927.00 | – tax assessed per return | $72,763.88 | $132,258.33 |
| | | $176.95 | – estimated tax penalty | | |
| | 12/24/2001 | $51,226.00 | – additional tax assessed by examination | | |
| | | $10,245.20 | – accuracy-related penalty | | |
| | | $11,278.68 | – interest for late payment | | |
| | 1/7/2008 | $14.00 | – fees and collection costs | | |
| 1999 | 12/24/2001 | $64,854.00 | – tax assessed per examination | $82,646.82 | $150,461.64 |
| | | $13,282.00 | – late filing penalty | | |
| | | $185.23 | – estimated tax penalty | | |
| | | $10,188.59 | – interest for late payment | | |
| 2000 | 3/18/2002 | $44,236.00 | – additional tax assessed | $41,926.00 | $77,255.41 |
| | | $1,962.08 | – estimated tax penalty | | |
| | | $2,499.92 | – interest for late payment | | |
| 2001 | 2/3/2003 | $6,138.72 | – tax assessed per return | $30,255.94 | $36,733.69 |
| | | $50.61 | – interest for late payment | | |
| | 3/2/2009 | $18,589.00 | – additional tax assessed by examination | | |
| | | $3,717.80 | – accuracy-related penalty | | |
| | | $7,871.14 | – interest for late payment | | |
| | 5/18/2009 | $78.00 | – fees and collection costs | | |
| 2002 | 11/24/2003 | $10,448.00 | – tax assessed per return | $28,223.32 | $46,134.47 |
| | | $228.00 | – estimated tax penalty | | |
| | | $123.64 | – failure to pay penalty | | |
| | | $91.08 | – interest for late payment | | |
| | 2/23/2004 | $20.00 | – fees and collection costs | | |
| | 3/2/2009 | $20,558.00 | – additional tax assessed by examination | | |
| | | $4,111.60 | – accuracy-related penalty | | |

| Tax Year | Assessment Date | Amount Assessed & Reason Therefor | | Unpaid Assessed Balance as of August 13, 2010 | Unpaid Accrued Balance as of August 13, 2010 |
|---|---|---|---|---|---|
| 2003 | 10/6/2008 | $2,761.00 | – additional tax assessed by examination | $57,467.49 | $68,817.62 |
|  |  | $24.00 | – interest for late payment |  |  |
|  | 6/22/2009 | $34,654.00 | – additional tax assessed by examination |  |  |
|  |  | $6,930.80 | – accuracy-related penalty |  |  |
|  |  | $15,850.69 | – interest for late payment |  |  |
|  | 8/3/2009 | $32.00 | – fees and collection costs |  |  |
| 2004 | 10/6/2008 | $1,629.00 | – additional tax assessed by examination | $57,348.71 | $69,128.59 |
|  | 6/22/2009 | $36,394.00 | – additional tax assessed by examination |  |  |
|  |  | $7,278.80 | – accuracy-related penalty |  |  |
|  |  | $13,675.91 | – interest for late payment |  |  |
| 2005 | 5/26/2008 | $2,769.00 | – tax assessed per return | $2,321.66 | $2,742.68 |
|  |  | $15.00 | – estimated tax penalty |  |  |
|  |  | $329.85 | – late filing penalty |  |  |
|  |  | $190.58 | – failure to pay penalty |  |  |
|  |  | $300.23 | – interest for late payment |  |  |
|  | 9/22/2008 | $20.00 | – fees and collection costs |  |  |
| 2006 | 12/17/2007 | $4,281.00 | – tax assessed per return | $3,452.75 | $4,522.75 |
|  |  | $131.09 | – estimated tax penalty |  |  |
|  |  | $129.64 | – late filing penalty |  |  |
|  |  | $129.64 | – failure to pay penalty |  |  |
|  |  | $161.38 | – interest for late payment |  |  |
|  | 4/28/2008 | $20.00 | – fees and collection costs |  |  |
| 2007 | 11/24/2008 | $8,338.00 | – tax assessed per return | $6,203.91 | $7,748.66 |
|  |  | $136.00 | – estimated tax penalty |  |  |
|  |  | $269.84 | – failure to pay penalty |  |  |
|  |  | $233.59 | – interest for late payment |  |  |
|  | 12/1/2008 | $8.48 | – interest for late payment |  |  |
|  | 2/23/2009 | $10.00 | – fees and collection costs |  |  |

20.  As a result of the Chapter 7 bankruptcy discharge described in paragraph 18, above, the

Zduns were discharged of personal liability for the penalties on their 1997, 1998, 1999,

and 2000 income tax liabilities. However, they remain personally liable for the unpaid balances of tax and interest for those four years, as set forth more fully in the table below:

| Tax Year | Assessed Tax | Interest Accrued From Date of Assessment to August 13, 2010 | Outstanding Balance of Tax and Interest Only for Tax Year to August 13, 2010 |
|---|---|---|---|
| 1997 | $36,188.00 | $40,037.44 | $69,432.30 |
| 1998 | $51,049.05 | $53,464.50 | $104,513.55 |
| 1999 | $58,991.00 | $52,434.70 | $111,425.70 |
| 2000 | $37,464.00 | $27,248.27 | $64,712.27 |

21. As a result of the unpaid assessments described in paragraph 19, above, and the Zduns' refusal or neglect to pay the assessed sums upon the IRS making notice and demand, pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property belonging to defendant Terry Zdun and defendant Carol Zdun as of the date of each assessment.

### The Property Upon Which Foreclosure Is Sought

22. On or about January 2, 1980, by way of Warranty Deed, Gladys M. Freeman conveyed certain real property to the Zduns. The real property is legally described as follows:

> All of the Northwest quarter of Section 11, Township 31 South, Range 2 West, Willamette Meridian, Douglas County, Oregon, EXCEPT the following described parcel that lies southeasterly of the centerline of an existing U.S. Forest Road easement, as described in Instrument No. 79-04598, records of Douglas County, Oregon, said excepted parcel being described as follows: Beginning at a point on the centerline of said U. S. Forest Service Road right of way easement, from which the Center Quarter Section Corner of said section 11 bears South 89° 41' 42.2" East a distance of 596.39 feet; thence from point of beginning along said

U.S. Forest Service Road easement centerline the following bearings, distances and curves: North 17° 04' 35" West a distance of 23.61 feet to the beginning of a 275 foot radius curve to the right; thence along said 275 foot radius curve to the right a distance of 135.59 feet to the end of curve; thence North 11° 101 26" East a distance of 73.34 feet to the beginning of a 150.00 foot radius curve to the right; thence along said 150.00 foot radius curve to the right a distance of 44.84 feet to the end of curve; thence North 28° 18' 03" East a distance of 93.88 feet to the beginning of a 350.00 foot radius curve to the right; thence along said 350.00 foot radius curve to the right a distance of 204.02 feet to the end of curve; thence North 61° 41' 57' East a distance of 127.26 feet to the beginning of an 80.00 foot radius curve to the left; thence along said 80.00 foot radius curve to the left a distance of 86.87 feet to the end of curve; thence North 0° 31' 15" West a distance of 21.25 feet to the beginning of a 150 foot radius curve to the right; thence along said 150 foot radius curve to the right a distance of 79.08 feet to the end of curve; thence North 29° 40' 59" East a distance of 150.15 feet to the beginning of a 400.00 foot radius curve to the left; thence along said 400.00 foot radius curve to the left a distance of 78.90 feet to the end of curve; thence North 18° 22' 55" East a distance of 270.32 feet to the beginning of a 140.00 feet radius curve to the right; thence along said 140.00 foot radius curve to the right a distance of 64.01 feet to the end of curve and a point on the east boundary of said Northwest quarter of Section 11; thence leaving said centerline of U. S. Forest Service road easement and bearing South 0° 09' 35.6" West along said east boundary of the Northwest quarter of Section 11 a distance of 1,239.28 feet to the Center Quarter Section Corner of said Section 11; thence North 89° 41' 42.2" West along the south boundary of said Northwest quarter of Section 11 a distance of 596.39 feet to the point of beginning.

TOGETHER WITH the right to use the existing road as set out in Right of Way Easement Deed, recorded In Book 711, Page 839, Recorder's No. 79-04598, records of Douglas County, Oregon.

The Warranty Deed was recorded in the Douglas County Clerk's Office on or about December 26, 2000, and was assigned document number 2000-026219.

23. The real property described in the preceding paragraph ("the Property") is located at 600 Devils Knob Road, Tiller, Oregon, 97484.

24. On or about July 5, 2001, Flora G. Freeman and Dorothy Childress executed a Bargain and Sale Deed conveying any interest they held in the Property to defendant Terry Zdun. The Bargain and Sale Deed was recorded in the Douglas County Clerk's Office on or about July 24, 2001, and was assigned document number 2001-017068.

25. On or about July 17, 2001, defendant Terry Zdun entered into a Deed of Trust with lender LoanCity.com, under the terms of which $200,000.00 was borrowed, using the Property as security for the loan. The Deed of Trust was recorded in the Douglas County Clerk's Office on or about July 24, 2001 and was assigned document number 2001-017070.

26. On or about September 6, 2001, the Zduns executed a document styled a "Warranty Deed" purporting to transfer the Property to the "Irene Lacey Trust." Defendants Tedder and Warner were listed as the "Trustees" of the "Irene Lacey Trust." This purported "Warranty Deed" was recorded in the Douglas County Clerk's Office on or about September 7, 2001, and was assigned instrument number 2001-020886.

27. The "Irene Lacey Trust" presently holds nominal title to the Property. On information and belief, the Zduns' children are the beneficiaries of the "Irene Lacey Trust."

28. On or about January 27, 2003, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above. The Notice of Federal Tax Lien was assigned document number 2003-001801.

29. On or about February 4, 2004, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above. The Notice of Federal Tax Lien was assigned document number 2004-003176.

30. On or about April 7, 2008, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above. The Notice of Federal Tax Lien was assigned document number 2008-006841.

31. On or about September 8, 2008, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above. The Notice of Federal Tax Lien was assigned document number 2008-016669.

32. On or about February 2, 2009, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above. The Notice of Federal Tax Lien was assigned document number 2009-001546.

33. On or about April 27, 2009, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above. The Notice of Federal Tax Lien was assigned document number 2009-008034.

34. On or about January 8, 2008, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above, and stating that defendant Tedder was a nominee for defendant Terry Zdun and defendant Carol Zdun with respect to the Property. The Notice of Federal Tax Lien was assigned document number 2008-000333.

35. On or about April 29, 2009, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above, and stating that defendant Tedder was a nominee for defendant Terry Zdun and defendant Carol Zdun with respect to the Property. The Notice of Federal Tax Lien was assigned document number 2009-008204.

36. On or about January 8, 2008, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above, and stating that defendant Warner was a nominee for defendant Terry Zdun and defendant Carol Zdun with respect to the Property. The Notice of Federal Tax Lien was assigned document number 2008-000334.

37. On or about April 29, 2009, a duly authorized delegate of the Secretary of the Treasury recorded in the Douglas County Clerk's Office a Notice of Federal Tax Lien concerning certain unpaid assessments described in paragraph 19, above, and stating that defendant Warner was a nominee for defendant Terry Zdun and defendant Carol Zdun with respect to the Property. The Notice of Federal Tax Lien was assigned document number 2009-008203.

### Count I: Judgment Declaring that Certain of the Zduns' Income Tax Liabilities Were Excepted from Discharge in the Zduns' Bankruptcy

38. The United States incorporates by reference the allegations made in paragraphs 1 to 37, above.

39. At the time the Zduns filed the Zduns' Bankruptcy, they were aware they had a duty to pay federal income tax liabilities for the years 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

40. The Zduns had sufficient resources to make payments toward their federal income tax liabilities for the years 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, but they voluntarily and intentionally chose not to do so.

41. In addition to the purported "Irene Lacey Trust," the Zduns have previously attempted to use other purported trusts to evade or defeat the assessment and the payment of their federal income liabilities. These trusts include, but are not limited to, the purported entities "the Linden Family Trust," "the Zdun Family Trust," and "the Twin Creeks Organic Farm Trust."

42. On or about August 29, 2000, defendants Terry and Carol Zdun each conceded, by signing Form 906, Closing Agreement on Final Determination Covering Specific Matters, that the purported entities "the Twin Creeks Organic Farm Trust" and "the Zdun Family Trust" would be disregarded for federal income tax purposes.

43. Defendant Terry Zdun and defendant Carol Zdun each willfully attempted to evade or defeat the assessment and the payment of their federal income tax liabilities by, among other acts: voluntarily, consciously, and intentionally concealing their assets through the transaction described in paragraphs 26 through 27, above; by deliberately failing to list their assets as part of their bankruptcy estate, as described in paragraph 16, above; and by attempting to evade or defeat the assessment and the payment of federal income tax liabilities through the use of other trusts, as described in paragraphs 41 and 42, above.

44. Pursuant to 11 U.S.C. § 523(a)(1)(C), the Zduns' federal income tax liabilities for the years 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, were not dischargeable in the Zduns' Bankruptcy.

45. Pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i), the Zduns' federal income tax liabilities for the years 2001, 2002, 2003, and 2004, were not dischargeable in the Zduns' Bankruptcy.

46. Pursuant to 11 U.S.C. § 523(a)(7), the penalties associated with the Zduns' federal income tax liabilities for the years 2001, 2002, 2003, and 2004, were not dischargeable in the Zduns' Bankruptcy.

47. The United States is entitled to judgment that the Zduns' federal income tax liabilities for the years 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, and the interest on those liabilities, were excepted from discharge in the Zduns' Bankruptcy.

48. The United States is entitled to judgment declaring that the penalties associated with the Zduns' federal income tax liabilities for the years 2001, 2002, 2003, and 2004, and the interest on those penalties, were not discharged in the Zduns' Bankruptcy.

### Count II: Reduce to Judgment Unpaid Federal Income Tax Assessments Made Against Terry Zdun and Carol Zdun

49. The United States incorporates by reference the allegations made in paragraphs 1 to 48, above.

50. Despite proper notice and demand for payment of the tax liabilities described in paragraph 19, above, and the table accompanying that paragraph, defendant Terry Zdun and defendant Carol Zdun have neglected, failed, or refused to make full payment to the United States of the assessed amounts and the interest and penalties accrued thereon.

51. For the income tax years 1997, 1998, 1999, and 2000, the Zduns remain personally liable for the unpaid balances of the tax assessments described in paragraph 19, above, together with the interest accruing thereon, as described in paragraph 20, above.  Including interest accrued through August 13, 2010, the Zduns remain personally liable for the sums of $69,432.30 for the 1997 income tax year; $104,513.55 for the 1998 income tax year; $111,425.70 for the 1999 income tax year; and $64,712.27 for the 2000 income tax year.

52. For the income tax years 2001, 2002, 2003, 2004, 2005, 2006, and 2007, the Zduns remain personally liable for the unpaid balances of the assessments described in paragraph 19, above, together with the interest and penalties accruing thereon.  Including interest and penalties accrued through August 13, 2010, the Zduns remain personally liable for the sums of $36,733.69 for the 2001 income tax year; $46,134.47 for the 2002 income tax year; $68,817.62 for the 2003 income tax year; $69,128.59 for the 2004 income tax year; $2,742.68 for the 2005 income tax year; $4,522.75 for the 2006 income tax year; and $7,748.66 for the 2007 income tax year.

53. The United States is entitled to judgment against defendant Terry Zdun and defendant Carol Zdun, jointly and severally, in the total sum of $585,912.28 as of August 13, 2010.

**Count III: Judgment Declaring that the United States Has
Valid and Subsisting Federal Tax Liens Upon the Property**

54. The United States incorporates by reference the allegations made in paragraphs 1 to 53, above.

55. To the extent that defendant Terry Zdun and defendant Carol Zdun were discharged in the Zduns' Bankruptcy from personal liability for the assessments set forth in paragraph 19, above, the liens arising from those assessments continue to encumber all property and

U.S. Compl.
Page 14

5943138.1

rights to property, whether real or personal, that belonged to the Zduns prior to the filing of the petition for relief in the Zduns' Bankruptcy.

56. The liens evidenced by the Notices of Federal Tax Lien described in paragraphs 28 and 29 were not discharged in the Zduns' Bankruptcy.

57. The United States is entitled to judgment declaring that its federal tax liens upon the Property are valid, and exist, and have attached to the Property.

## Count IV: Set Aside Fraudulent Transfer

58. The United States incorporates by reference the allegations made in paragraphs 1 to 57, above.

59. The United States' federal tax liens, created by operation of law as described in paragraph 21, above, attached to the Property upon the assessment of the tax liabilities described in paragraph 19, above.

60. Defendant Terry Zdun and defendant Carol Zdun formed and used the purported entity known as the "Irene Lacey Trust" in order to conceal the Zduns' retention of an ownership interest in the Property.

61. The purported entity known as the "Irene Lacey Trust" has no legitimate business purpose and lacks economic substance.

62. On or about September 5, 2001, defendants Terry and Carol Zdun each signed a stipulated decision submitted to the United States Tax Court, agreeing that they owed an additional $36,188.00 in income tax for 1997.

63. On or about September 6 and September 7, 2001, the Zduns undertook the purported transaction to transfer the Property to the "Irene Lacey Trust" described in paragraphs 26 through 27, above.

64. In the purported transaction described in paragraphs 26 through 27, above, the Zduns purportedly transferred their interest in the Property to the "Irene Lacey Trust" without receiving reasonably equivalent value in return.

65. The purported transaction described in paragraphs 26 through 27, above, left the Zduns with remaining assets which were unreasonably small or insufficient to pay their current and future debts, including their income tax liabilities.

66. At the time of the purported transaction described in paragraphs 26 through 27, above, above, defendant Tedder and defendant Warner knew that the Zduns owed federal income tax liabilities.

67. Defendant Terry Zdun and defendant Carol Zdun engaged in the purported transaction described in paragraphs 26 through 27, above, with the actual intent to hinder, delay, or defraud the United States in its collection of the Zduns' federal income tax liabilities.

68. The Zduns have remained in possession of the Property since the time of the purported transaction described in paragraphs 26 through 27, above.

69. The Zduns have continued to exercise dominion and control over the Property since the time of the purported transaction described in paragraphs 26 through 27, above.

70. On information and belief, the Zduns have paid property taxes on the Property since the time of the purported transaction described in paragraphs 26 through 27, above.

71. On information and belief, the Zduns have caused or directed the payment of mortgage payments on the Property since the time of the purported transaction described in paragraphs 26 through 27, above.

72. The United States is entitled to judgment declaring that the purported transaction described in paragraphs 26 through 27, above, is fraudulent and of no effect as to the United States.

**Count V: Determine that the Zduns Are the True and Beneficial Owners of the Property**

73. The United States incorporates by reference the allegations made in paragraphs 1 to 72, above.

74. The purported entity known as the "Irene Lacey Trust" is a sham entity and should be disregarded.

75. The United States is entitled to judgment declaring that with respect to the ownership of the Property, the "Irene Lacey Trust" is the nominee or alter ego of the Zduns.

**Count VI: Foreclose the United States' Tax Liens Upon the Property**

76. The United States incorporates by reference the allegations made in paragraphs 1 to 75, above.

77. The United States' federal tax liens have priority over all other interests in the Property, subject to any relevant exceptions in 26 U.S.C. § 6323.

78. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale for the Property in order to enforce its tax liens.

**WHEREFORE**, the United States respectfully requests the following relief:

A. Judgment in favor of the United States and against defendant Terry Zdun and defendant Carol Zdun, jointly and severally, for their unpaid federal income tax liabilities, in the total sum of $585,912.28 as of August 13, 2010, plus interest accruing thereon as provided by law, less any payments, credits, or amounts discharged in the Zduns' Bankruptcy;

B.     Judgment that pursuant to 11 U.S.C. § 523(a)(1), the Zduns' federal income tax liabilities for the years 1997 through 2004, inclusive, were excepted from discharge in the Zduns' Bankruptcy;

C.     Judgment that pursuant to 11 U.S.C. § 523(a)(7), the penalties associated with the Zduns' federal income tax liabilities for the years 2001 through 2004, inclusive, were excepted from discharge in the Zduns' Bankruptcy;

D.     Judgment that by virtue of the unpaid assessments excepted from discharge described in paragraph 19, above, the United States has valid and subsisting federal tax liens on all property and rights to property belonging to defendant Terry Zdun and defendant Carol Zdun, whether real or personal, wherever located, and whether presently held or hereinafter acquired, expressly including the Property;

E.     Judgment that the liens arising from the federal income tax assessments against defendant Terry Zdun and defendant Carol Zdun which were reflected in Notices of Federal Tax Lien recorded before October 8, 2005, including any portions of those assessments with respect to which the Zduns were discharged from personal liability pursuant to 11 U.S.C. § 727, continue to encumber all property and rights to property, whether real or personal, which defendant Terry Zdun and defendant Carol Zdun held prior to October 8, 2005;

F.     Judgment that the purported transaction described in paragraphs 26 through 27, above, is a fraudulent transfer and void and must be set aside with respect to the United States;

G.     Judgment that, to the extent that the "Irene Lacey Trust" holds title to the Property, it holds title as the nominee or alter ego of defendant Terry Zdun and defendant Carol Zdun;

H. Judgment that defendant Terry Zdun and defendant Carol Zdun are the true and beneficial owners of the Property;

I. That the federal tax liens on the Property are foreclosed, and that the Property shall be sold, and that the proceeds from the sale shall be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

J. That the United States shall be granted its costs in bringing this action; and

K. That the United States shall be granted any other and further relief as is just and proper.

Respectfully submitted this 22nd day of September, 2010.

DWIGHT C. HOLTON
United States Attorney
District of Oregon

 /s/ Adam Strait
ADAM D. STRAIT
Mass. BBO No. 670484
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044-0683
Telephone: (202) 307-2135
Facsimile: (202) 307-0054
adam.d.strait@usdoj.gov

Attorneys for the United States of America