FILED '11 FEB 14 12:21 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No. 10-6307-HO |
| ) | |
| v. ) | O R D E R |
| ) | |
| TERRY F. ZDUN; CAROL J. ZDUN; ) | |
| GARY TEDDER, Trustee of the ) | |
| IRENE LACEY TRUST; SAMUEL WARNER,) | |
| Trustee of the IRENE LACEY TRUST;) | |
| WELLS FARGO BANK, N.A.; LOANCITY,) | |
| INC.; MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; and ) | |
| DOUGLAS COUNTY, OREGON, ) | |
| ) | |
| Defendants. ) | |

The United States brings this action to reduce outstanding tax liabilities against defendants Terry and Carol Zdun to judgment and to foreclose tax liens on property located in Douglas County, Oregon. The Zduns move to dismiss or, in the alternative, seek

summary judgment contending that the United States fails to allege valid tax assessments and liens.

The Zduns argue that Congress and the Internal Revenue Service (IRS) have eliminated the possibility of valid assessments and liens since the IRS eliminated the Office of the District Director. Essentially, the Zduns assert that every tax assessment since restructuring of the IRS in 1998 has been unlawful and any current attempts to assess tax is invalid. The court disagrees.

The Zduns assert that the code requires them to file in their internal revenue district, but that the regulations have eliminated their district. The Zduns then assert that 26 U.S.C. § 6203 mandates assessment shall be made in accordance with the regulations and because the regulations require assessment by District Directors, the absence of the districts precludes assessment. The Zduns further contend that since the assessments are invalid, so are the liens.

The Secretary of the Treasury is authorized and required to assess taxes. 26 U.S.C. § 6201. This responsibility is delegated to the district director and the director of the regional service center. 26 C.F.R. 301.6201-1. In 1998, Congress passed the Internal Revenue Service Restructuring and Reform Act (RRA). 112 Stat. 685. The RRA directed the IRS to reorganize and eliminate or substantially modify the existing organization then based on national, regional and district structure. The IRS subsequently

eliminated the position of district director. Section 1001(b)(2) of the RRA provides that all rules and regulations shall continue in effect according to their terms until modified or revoked. Thus, Congress intended IRS actions pending further statutory changes relating to reorganization to remain in effect. H.R. Rep. No. 105-599, at 194 (1998) (the "legality of the IRS actions will not be affected pending further appropriate statutory changes relating to such reorganization (e.g., eliminating statutory references to obsolete positions)."

In 2000, the IRS delegated authority previously delegated to district directors to other IRS officers and such delegation is proper. See, e.g., Carillo v. C.I.R., 2005 WL 3486022 at *9-10 (U.S.Tax Ct. December 20, 2005):

> The Secretary or his delegate (including the Commissioner) may issue these collection notices, and authority to so issue notices regarding liens and to levy upon property has in turn been delegated to a host of pertinent collection and compliance personnel. Secs. 6320(a), 6330(a), 7701(a)(11)(B) and 12(A)(I), 7803(a)(2); secs. 301.6320-1(a)(1), 301.6330-1(a)(1), Proced. & Admin. Regs.; Deleg. Order No. 191 (Rev. 3, June 11, 2001); Deleg. Order No. 196 (Rev.4, Oct. 4, 2000); see also Craig v. Commissioner, 119 T.C. 252, 263, 2002 WL 31526562 (2002); Everman v. Commissioner, T.C. Memo.2003-137.

The elimination of internal revenue districts and director positions does not obstruct the Secretary's ability to assess taxes:

> The Internal Revenue Service Reform and Restructuring Act of 1998 ("IRS RRA") set out procedures for the reorganization of the Internal Revenue Service.

3 - O R D E R

Defendants' assessments took place after the IRS RRA went into effect. The then applicable (and currently applicable) regulation states, "The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer ..." 26 C.F.R. § 301.6203-1. The IRS RRA eliminated District Directors. IRS Delegation Order 193 (Rev.6) (11/08/2000) allows Directors, Compliance Services Field to appoint assessment officers. An important caveat in the IRS RRA was that

> All orders, determinations, rules, regulations, permits, agreements, grants, contracts, certificates, licenses, registrations, privileges, and other administrative actions.-(A) which have been issued, made, granted, or allowed to become effective by the President, any Federal agency or official thereof, or by a court of competent jurisdiction, in the performance of any function transferred or affected by the reorganization of the Internal Revenue Service or any other administrative unit of the Department of the Treasury under this section; and (B) which are in effect at the time this section takes effect, or were final before the effective date of this section and are to become effective on or after the effective date of this section, shall continue in effect according to their terms until modified, terminated, superseded, set aside, or revoked in accordance with law by the President, the Secretary of the Treasury, the Commissioner of Internal Revenue, or other authorized official, a court of competent jurisdiction, or by operation of law.

U.S. v. Booth, 2010 WL 3766670 (E.D.Cal. September 21, 2010); See also, U.S. v. Barry, 371 Fed.Appx. 3, 6 (11th Cir. 2010) (the bureaucratic restructuring of the IRS authorized by the Internal Revenue Service Reform and Restructuring Act of 1998 did not

4 -O R D E R

eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes).

The Zduns' argument that the tax assessments are invalid lacks merit. Because the assessments are valid, the liens are also valid. Accordingly, the motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, defendants Terry and Carol Zdun's motion to dismiss or, in the alternative, for summary judgment (#12) is denied.

DATED this 12th day of February, 2011.

Michael R. Hogan
United States District Judge

5 - O R D E R